Good morning your honors. This case we believe focuses on whether there's a nexus between the arm that the respondent was subject to and her political opinion or the imputed political opinion of government officials who detained and be there. The government in its answering brief noted on page 2 that Sun's protests involved only economic interests yet the record reflects that she was only charged, well the term is charged, she was only detained based upon the two items disturbing the social order and public publicly offending the government. There was no mention in the detention notice of whether a permit was even sought by Sun but further offending the government really is a we believe a purely political act with virtually no comparable concept in American jurisprudence. Nonetheless the authorities that incarcerated Mrs. Sun claimed what we believe is a clear political decision regarding her activities. Activities that were intended to seek redress from the government in this case for the wholesale determination of many employees without benefits by a state-owned entity. The concept of publicly offending the government is so masked from government persecution against contrary imputed political opinion and is pretextual at best. While she was indeed released from custody was only after 10 days of mistreatment which including according to her credible testimony being beaten, kicked, punched, and shocked with an electric baton and given almost no food. She was even later diagnosed with a cerebral concussion due to her treatment by the government. How do we draw the line between political activity and economic activity in a place like China where you know most of the businesses are state-run and therefore the employer is the government? That's correct that's correct your honor and that's why virtually any labor activity can can also be considered and we can argue as as political activity. The if I may we believe that she was imputed as having anti-government political opinion and that is a protected ground. Her interrogation well the if I was if you refer to to your decision in who gives his holder the court said that they advocate that this court's position that pro-labor actions are political in nature and should afford protection. The home court also explained that the labor agitation advancing economic interests can nevertheless express a political opinion and we say that this is especially true because she led a petition against the government because of the rights because of their assumed rights to severance benefits which were infringed. Mr. Ely let me ask you this question what did the police officials say to Ms. Sun when they were arresting her? My understanding is that the record reflects that there were no questions with respect to the permit and that they said that they were arresting her because she was launching an attack against government agencies. Is that correct about that? Well I don't know I don't honestly recall whether it talked about an attack against agencies but indeed they did not according to the record indicate to her by her testimony that that she had been arrested for not seeking a permit in fact the detention notice which is in the record only shows that she was arrested the detention notice and I I would distinguish that between an arrest warrant but the publicly offending the government which by any stretch in our opinion as I said before is it is so broad as to to be pretentious at best even the State Department report that is in the the record as well indicates that that this is a common use of Chinese attempts to suppress assemblies of any kind. Doesn't the record at page 230 and 231 say that she was targeted for organizing a riot to attack government agencies? Yes your honor she replied in testimony in the person's she and two others who had talked to a number of people she was their intent was to present a petition regarding the unfairness and the infringement of their rights for severance and this was regard with regard to the numbers of people that apparently attended she didn't mention a specific number but that the numbers of people that appeared was a surprise to her she thought it was just going to be several people yes they had contacted other friends and so forth but but she was not aware that there was a group of that size that and that size has yet to be determined it doesn't seem clear in the record of what the group number was but but she was surprised by the numbers of any in either case in either case the government didn't raise the issue of lack of permit that issue was raised by the by the government attorney in the that no one asked her to even ask her about that so you have about a little over two minutes I don't want to continue if you want to save time for rebuttal I I don't think I'm going to ask for time for the beatings the malnourishment the electric shock clearly prove or show in our view that that this was persecution especially an event that she was not she was she was detained for ten days for again publicly offending the government no charges no no due process no no trial of any kind and she was released based only after her parents paid 8,000 renminbi to to the officials and who and it's not clear who those officials were or whether that was an official amount of money to be paid for her release you know in in our view it was it was tantamount to a bribe is it also the case that one of her co-leaders of that event was sentenced to five years in prison that that is correct and and by her credible testimony she was warned not to come back to the to China by her by her brother I believe I'm correct on that your honor thank you anyone else on the panel have any further questions thank you mr. Lee thank you your honor yes thank you may it please the court I'm Virginia Gordon for the respondent and your honors as the court stated in queue there is no easy test to determine whether a worker's action is political as opposed to an addition to economic and so that makes the term determination a tough call which here the agency made in looking at the evidence and comparing it to you and looking at three particular reasons to find that miss Sun hadn't demonstrated that she was engaged in in a book that the police deemed her activity a and first never made any claim or presented any evidence showing that the factory leaders engaged in corruption that the government did not address session also in contrast to you miss Sutton and her colleagues did not challenge the denial of a promised benefit that was lost because of corruption but rather they challenged what they believed were insufficient severance benefits from the outset and third again as opposed to Hugh this one was criminally charged and that is evidence in her detention notice which is dated February 29 2008 and she was not prosecuted not because her family paid a release but because the police determined that they had insufficient evidence to do so and that's shown in the release notice that's in the record dated March 9 2008 and because of these three factors which the board compared to the factors that the court thought were important in Hugh the board felt that that it was an economic protest rather than targeted for a political reason miss Gordon you would agree the pro-labor political opinion would be a yes your honor we would say that a political opinion whether imputed or actual could be at least one central reason for the harm it's just in this case the board looked at the evidence and saw that those three factors outweighed the one charge in the detention notice that that included the offending the government that the board focused on the disrupting the social order but it is clear that the detention notice does say offending the government as well and go ahead so the one of the things we need to look at is what the police actually said to her and did I accurately in my questions to mr. Ely state what the record reflects was said to her at the time she wasn't her yes your honor her testimony was credible and there is a detention notice and it does say on the detention notice publicly offending the government in addition it's a publicly disrupting the social order and publicly offending the government and under her testimony that was so incredible she did say that one of the officers accused her of organizing a riot to launch an attack against a governmental agency so those those statements were made but the board looked at the other factors as well that wherein Hugh we had also corruption evidence that the mr. Hugh had spoken out about that corruption multiple times by writing letters to government officials and saying explicitly that he just wanted to maintain workers rights but here we have this son who didn't expect so many people to come her testimony was that she went to the government complex so that she could talk about these benefits that she felt were unfair but then they wouldn't speak to her and she didn't expect 800 people to appear but don't we care about what the way the government understood her actions as opposed to what her intent going in is yes your honor for them to the political opinion we would be concerned about what was it the felt what did they believe at the moment that they arrested her and in this case we see two things on the detention notice we do see the disrupting the social order and publicly offending the government and semantically I don't know that we could say that's completely different from saying the in Q where he said attacking or I'm sorry being against the Communist Party but in the board also look at the other factors and although it was after the detention the police criminally charge criminal charge which served as circumstantial evidence of a criminal charge that eventually was dropped because the police found that they had insufficient evidence to actually make that claim so they thought they would be able to charge with offending the public order offending the government they eventually learned that they did not have the evidence to do that and that's why she wasn't criminally prosecuted but at all miss Gordon is it at all relevant that when she was in detention she was punched kicked shot in jail days and then put under surveillance afterwards and that a leader of this was sentenced to five years in prison is that anything that we should pay attention to your honor you would pay attention to the harm that she suffered that would be if the court feels that the police did detain her because they thought she had imputed political opinion that would be disagreeing with the nexus finding which reason which appropriately could be remanded if you wanted the board to address that more but what the board didn't discuss was that harm would be related to the past persecution that also independently has to be established at for a claim for asylum or withholding and the IJ determined that it did not rise to levels past persecution however the board did not address the IJ's findings because it relied on the nexus determination to deny the application so if the court were concerned about that level of harm the again remand would be if it felt that there was a nexus and remand would be appropriate to have the board actually address is that address the claim on that appeal if that past persecution actually rise past harm sorry rises to the level of persecution to establish a claim and that is what the court didn't you as well because he had similar mistreatment but the court didn't address that because the board had not so it remanded to the board for the board to determine that in the first instance and then the the fact that a friend or a colleague was sentenced we don't see that as relevant in this case because we don't actually know why she was sentenced or on what basis the son did not provide any evidence to say that her friend was what the reason was for her friends later arrest and sentence so we don't actually know if it was because of this protest or if it had to do with something completely different and as the IJ pointed out we don't know if it just perhaps she violated terms of her detent release notice we don't know so on this record we can't make any it would be speculative to make any findings based on what happened to the friend and that actually is similar to miss fun's cat protection claim where she seems to rely on the friends arrest to say that she would also be and would have a claim for cat protection but we believe that that the board is reasonable and it's cat determined denial because there wasn't evidence beyond a friend's arrest or conclusory statements that she would be arrested and on petition she hasn't meaningfully challenged the board's decision there so we also think that the cat determination should be upheld your honor do I have any extra time it's not your turn mr. Ely and I apologize I'm gonna ask if there were any further questions or if not then just in summary the government feels that the board did recently make its decision based on these additional factors along with the evidence of the detention notice and the reason but that we also do not have the corruption charges and the failure to pay promised benefits and we have a release notice showing that the police did not have enough evidence to actually charge miss son or convicted son of disrupting the social order and publicly offending the government and we also the court denied the petition for review thank you for your time thank you it's really you said that you don't need a rebuttal but however we will give you a one minute to respond yes your honor I just just to to indicate that her treatment her physical treatment it seems that the IJ and the BIA completely ignored the issue of the seriousness of her her injuries and the time and and conditions under which she was kept for 10 days with apparently no no charges ultimately being being levied I the other is with respect to the who case the case indicates that that the there is there there is a supposition that in economic requests can be considered a political opinion thank you mr. Ely case has been submitted
judges: Fernandez, Lee, Orrick